**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| NOVALK, LLC,<br><br>                Plaintiff,<br><br>     v.<br><br>CITY OF IMPERIAL, *et. al*,<br><br>                Defendants. | Case No. 25-cv-02307-BAS-LR<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO DISMISS (ECF No. 12); AND**<br><br>**(2) VACATING DEFENDANT'S MOTION TO DISMISS AS MOOT (ECF No. 9)** |

Before the court is a motion to dismiss the action without prejudice filed by Plaintiff Novalk, LLC ("Plaintiff") pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2). (ECF No. 12.)

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P.

41(a)(2). "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the [d]istrict [c]ourt[.]" *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). "A district court should grant a motion for dismissal under Rule 41(a)(2) unless a defendant can show it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (2001) (footnote omitted). "Legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). A defendant is not said to suffer "legal prejudice" from: (1) "[u]ncertainty because a dispute remains unresolved" or the "threat of future litigation"; (2) the inconvenience of having to defend itself in a different forum; or (3) a plaintiff gaining a tactical advantage through dismissal. *Smith*, 263 F.3d at 976 (citing *Hamilton*, 679 F.2d at 145).

Here, Plaintiff has moved to voluntarily dismiss the case before Defendants have filed an answer or motion for summary judgment. *Cf* Rule 41(a)(1)(i) ("the plaintiff may dismiss an action without a court order by filing. . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"). As such, the Court finds that Defendants will also not suffer "legal prejudice" from the dismissal as defined by 41(a)(2).

Importantly, the even when granting a voluntary dismissal and closing the case, the Court retains the discretion to rule on Defendants' motion for sanctions (ECF No. 11). "Although the substantive claim in this matter was dismissed for lack of standing, federal courts maintain jurisdiction over 'collateral issues after an action is no longer pending,' including costs, attorneys' fees, or sanctions, because such motions 'are independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree.'" *Lake v. Gates*, 130 F.4th 1054, 1058 (9th Cir. 2025) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395)

In sum, good cause appearing, the Court **GRANTS** Plaintiff's motion to dismiss (ECF No. 12). Plaintiff's action against Defendants is dismissed without prejudice under

1  Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Further, Defendants' motion to
2  dismiss (ECF No. 9) is therefore **VACATED AS MOOT**.  The Clerk of Court is
3  **DIRECTED TO CLOSE** the action.
4      **IT IS SO ORDERED.**

6  DATED: December 10, 2025

                                                 **Hon. Cynthia Bashant, Chief Judge**
                                                 **United States District Court**